UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN WHELAN, | No. 2:12-cv-2305 TLN CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| PATRICK R. DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Defendant's motion for summary judgment is pending before the court. After the motion was fully briefed, the District Court submitted the matter on the papers by order filed February 10, 2014.[1] Thereafter, by minute order filed August 20, 2014, the motion for summary judgment was referred to the undersigned.[2]

---

[1] The court also at that time submitted on the papers defendant's motion to strike Exhibit I (Grossi Declaration) to plaintiff's opposition. ECF Nos. 36, 38.

[2] The District Court did not refer the motion to strike to the undersigned but referred only the motion for summary judgment. ECF No. 48. Resolution of the motion to strike, however, is necessary to the adjudication of the motion for summary judgment because it is directed to evidence submitted by plaintiff in opposition to the motion for summary judgment. Defendant moves to strike the declaration of Ludwig Grossi because this witness was not identified in the initial disclosures or in responses to interrogatories. Defendant, however, was previously provided the Grossi declaration in connection with a previously filed action involving the same parties. Plaintiff contends this witness was not identified in the initial disclosures in the instant

1

1   Upon review of the documents in support and opposition, and good cause appearing, THE
2   COURT FINDS AS FOLLOWS:
3   In this action, plaintiff alleges claims which are virtually identical to claims raised in a
4   prior action, Whelan v. Donahue, 2:09-cv-3606 TLN CKD ("Whelan I").[3]  In the prior action,
5   partial summary judgment was granted on some of plaintiff's claims;[4] the remaining claims were
6   decided adversely to plaintiff after a seven day trial on defendant's motion for judgment as a
7   matter of law under Federal Rule of Civil Procedure 50 and motion for judgment on partial
8   findings under Federal Rule of Civil Procedure 52(c).[5]  Defendant moves for summary judgment
9   in the instant action on the grounds that the claims already decided in Whelan I are barred by res
10  judicata, the court lacks jurisdiction over plaintiff's claims sounding in contract and tort,[6] and
11  plaintiff has a failure of proof with respect to any claims which are not barred by res judicata.
12  /////

---

matter because Grossi retired in January 2009 and was not expected to have information relevant to the claims raised in the latter action.  In the circumstances presented here, the court finds that striking the Grossi declaration is not warranted.

[3]   In the instant action, plaintiff alleges claims arising out of her employment with the United States Postal Service for:  (1) Age Discrimination under the ADEA, (2) Disability Discrimination, Disparate Treatment under the Rehabilitation Act, (3) Disability Discrimination, Failure to Accommodate under the Rehabilitation Act, (4) Reprisal for Engaging in a Protected Activity under Title VII of the Civil Rights Act, (5) Gender Discrimination under Title VII of the Civil Rights Act, (6) Pay Discrimination under the Equal Pay Act, (7) Sexual Harassment, (8) Race Discrimination, (9) Breach of Employment Contract, (10) Breach of the Covenant of Good Faith and Fair Dealing, and (11) Intentional Infliction of Emotional Distress.
In the prior action, plaintiff alleged claims for:  (1) Age Discrimination, (2) Disability Discrimination, Disparate Treatment, (3) Disability Discrimination, Failure to Accommodate, (4) Reprisal for Engagement in Protected Activity, (5) Gender Discrimination, and (6) Pay Discrimination.

[4]   Partial summary judgment was granted on plaintiff's disability discrimination (disparate treatment), Title VII retaliation, and Equal Pay Act discrimination in pay claims.

[5]   This court will not recite the factual background of this case in light of the District Court's familiarity with the facts underlying this action, having presided over the jury trial in Whelan I.

[6]   Plaintiff has failed to file any opposition to the motion for summary judgment with respect to the claims sounding in contract and tort.  Defendant's arguments are well taken and the motion for summary judgment should be granted as to those claims.

2

1    Summary judgment is appropriate when it is demonstrated that there "is no genuine
2 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
3 Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by
4 "citing to particular parts of materials in the record, including depositions, documents,
5 electronically stored information, affidavits or declarations, stipulations (including those made for
6 purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R.
7 Civ. P. 56(c)(1)(A).

8    Summary judgment should be entered, after adequate time for discovery and upon motion,
9 against a party who fails to make a showing sufficient to establish the existence of an element
10 essential to that party's case, and on which that party will bear the burden of proof at trial.  See
11 Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an
12 essential element of the nonmoving party's case necessarily renders all other facts immaterial."
13 Id.

14    If the moving party meets its initial responsibility, the burden then shifts to the opposing
15 party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita
16 Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the
17 existence of this factual dispute, the opposing party may not rely upon the allegations or denials
18 of their pleadings but is required to tender evidence of specific facts in the form of affidavits,
19 and/or admissible discovery material, in support of its contention that the dispute exists or show
20 that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed.
21 R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the
22 fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
23 governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
24 Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
25 genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
26 party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

27    In the endeavor to establish the existence of a factual dispute, the opposing party need not
28 establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

1  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
2  trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
3  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
4  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963
5  amendments).

6       In resolving the summary judgment motion, the evidence of the opposing party is to be
7  believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the
8  facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475
9  U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
10 obligation to produce a factual predicate from which the inference may be drawn. See Richards
11 v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
12 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than
13 simply show that there is some metaphysical doubt as to the material facts . . . . Where the record
14 taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
15 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

16      Defendant argues that all of plaintiff's claims which were finally adjudicated in Whelan I
17 are barred by the doctrine of res judicata.[7] Plaintiff argues that claim preclusion is inapplicable
18 because the court's partial grant of summary judgment was not a final judgment. However, after
19 the briefing on the pending motion was completed, intervening events, i.e. the jury trial and the
20 District Court's grant of defendant's Rule 50 motion on plaintiff's Title VII gender discrimination
21 claim and failure to accommodate claim under the Rehabilitation Act and Rule 52(c) motion on
22 plaintiff's age discrimination claim under the Age Discrimination in Employment Act, have made
23 unavailing plaintiff's argument with respect to the finality of the judgment.

24      "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation
25 of the very same claim, whether or not relitigation of the claim raises the same issues as the

---

[7] Defendant does not move for summary judgment on the basis of res judicata for the few claims relating specifically to events occurring after the December 30, 2009 filing of the Whelan I complaint.

4

earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)).  Stated differently, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action."  Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009); accord Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."); Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  Claim preclusion is applicable when the court finds that there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties."  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).  The key "criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'"  Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982)).  A judgment may be considered "final" for the purposes of the preclusion doctrine notwithstanding the fact that it may be subject to reversal on appeal.  See Tripati v. Henman, 857 F.2d 1366, 1367 (9th Cir. 1988) ("[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal").

In this case, the second and third factors are readily demonstrated.  The second factor for claim preclusion is met because final judgment has been entered on the merits in Whelan I.[8]  The parties are the same in both cases, thus satisfying the third factor.  Turning to the first factor, the causes of action pled in the instant action are virtually identical to the causes of action pled in Whelan I; the causes of action for disability discrimination, Title VII retaliation, discrimination in pay, gender discrimination , failure to accommodate, and age discrimination have all been decided adversely to plaintiff in Whelan I.  The same claims raised in the present action are therefore barred by res judicata.  To the extent that plaintiff alleges a hostile work environment

---

[8]   Although Whelan I is currently on appeal, as noted above, the judgment is still considered final for purposes of res judicata.

claim in the present action, such a claim is also barred under the doctrine of res judicata because the claim could have been brought in the earlier action.[9] See Gregory v. Windall, 153 F.3d 1071, 1074 (9th Cir. 1998) (claim preclusion bars consideration of a hostile work environment claim that could have been raised in a prior action between the same parties).

The claims which are not barred by res judicata arise out of conduct occurring after December 30, 2009.[10] Plaintiff contends that the following adverse actions were taken against her based on age, race, sex, and disability, and in retaliation for her prior EEO activity: In February, 2011, plaintiff was placed on a Performance Improvement Plan ("PIP"). That same month, she was also issued a letter of warning ("LOW") for failure to follow procedures. In April, 2011, plaintiff was issued a LOW in lieu of a 7-day suspension. On August 4, 2011, plaintiff was "chewed out" for telling a visiting postmaster, Rhonda Flores, that she could not be in the industrial area of the post office while wearing sandals. On the same day, plaintiff was told to stop firing employees for throwing away mail. Plaintiff further alleges that on September 22, 2011, she was "falsely accused" and subjected to an investigative interview regarding complaints made against plaintiff by her subordinates that she was creating a hostile work environment. On October 11, 2011, plaintiff was subjected to a pre-disciplinary investigative interview. In January, 2012, plaintiff was demoted to the position of Supervisor, Customer Service ("SCS") at Folsom.[11] Of these allegedly adverse actions, only the 2011 PIP, the two LOWs and the 2012 demotion constitute actionable adverse employment actions. See Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761(1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."); see also

---

[9] Late in the litigation in Whelan I, plaintiff filed a motion to amend the complaint to add a claim for hostile work environment. The motion was denied. Defendant correctly argues that plaintiff cannot avoid the consequences of the delay in Whelan I by filing a subsequent suit asserting the same claim for hostile work environment.

[10] The complaint in Whelan I was filed on December 30, 2009.

[11] Plaintiff was previously employed as a Manager, Customer Service ("MCS") at the Royal Oaks postal facility. An SCS has lower level job duties.

Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 71 (2006) (discussing reassignment of job duties in Title VII retaliation claim; whether particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances).

Although plaintiff has identified some actions which could be actionable and which are not barred by res judicata, plaintiff fails to establish a prima facie case of discrimination based on age, race, sex, disability, or retaliation for protected EEO activity. To establish a prima facie case of an ADEA violation, the plaintiff must show that she (1) belonged to a protected class [age 40 or older]; (2) was satisfactorily performing her job or was qualified for hire or promotion; (3) was terminated, rejected for employment, or otherwise subjected to an adverse employment action; and (4) was replaced by a substantially younger employee with equal or inferior qualifications. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1280-81 (9th Cir. 2000). In this case, plaintiff fails to identify employees substantially younger than she who were treated more favorably and who are similarly situated in all material respects. See Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006); Vasquez v. City of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003) (to be similarly situated, comparator must have similar jobs and display similar conduct). With respect to plaintiff's claims for race and gender discrimination, plaintiff also fails to identify similarly situated employees outside of plaintiff's protected class who were treated more favorably than plaintiff. See Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003) (to establish a prima facie case of discrimination, plaintiff must show she belongs to a protected class, she was qualified for the position, she was subject to an adverse employment action, and similarly situated individuals outside her protected class were treated more favorably).

Plaintiff's claim for disability discrimination is similarly deficient. To establish a prima facie case of discrimination based on disability, plaintiff must show that she has a disability, was otherwise qualified for the position, and suffered discrimination because of her disability. See Walton v. U.S. Marshal's Service, 492 F.3d 998, 1005 (9th Cir. 2007). Here, plaintiff fails to meet her burden of proof, because other than conjecture and speculation, there is no evidence that

could support an inference that plaintiff's supervisors knew she had a mental impairment that substantially limited one of her major life activities. See, e.g. Robinson v. Adams, 847 F.2d 1315, 1315 (9th Cir. 1987) (employer cannot racially discriminate if job applicant's race unknown). Nor does plaintiff adduce any evidence that an accommodation was requested and denied. See Humphey v. Memorial Hospitals Assn., 239 F.3d 1128, 1137-38 (9th Cir. 2001) (once employer becomes aware of need for accommodation, employer has mandatory obligation to engage in interactive process to identify and implement appropriate reasonable accommodation).

Plaintiff's retaliation claim also suffers a deficiency of proof with respect to causation. See University of Texas Sw. Med. Ctr. v. Nassar, __ U.S. __, 133 S. Ct. 2517, 2528 (2013) (plaintiff must show she engaged in statutorily protected activity, adverse employment action taken against her, and causal link connected these two events). Defendant has submitted evidence that neither of plaintiff's supervisors had knowledge of plaintiff's prior EEO activity. In response, plaintiff simply contends that her supervisors should have known of her prior EEO complaints. Such conjecture is insufficient to sustain plaintiff's burden of proof. See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982) (employer must have knowledge of protected activity for retaliation claim to lie). Nor can plaintiff rely on temporal proximity to carry her burden of proof. Plaintiff engaged in protected EEO activity in the 1990s and in the years prior to the filing of her lawsuit in 2009 in Whelan I. The acts complained of here occurred in 2011 and 2012. Such a gap in time is insufficient to support a claim of retaliatory motive. See Villiarmo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064-65 (9th Cir. 2002) (adverse employment action can support inference of retaliatory motive when it follows on heels of protected activity).

Finally, plaintiff's claim for sexual harassment is fatally flawed in that she adduces no proof that any of the conduct complained of was related to her sex or that the conduct was sufficiently severe or pervasive to alter the conditions of her employment. See Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998) (to prevail on hostile work environment claim, plaintiff must show that she was subjected to verbal or physical conduct of sexual nature, conduct was unwelcome, and conduct was sufficiently severe or pervasive to alter conditions of

employment and create abusive work environment). In opposition to the pending motion, plaintiff clarifies that the harassment claim is predicated on the same conduct giving rise to her other causes of action. As discussed above, conduct occurring before December 30, 2009 cannot form the basis of the harassment claim because such a claim is barred by res judicata. The remaining allegedly unlawful conduct complained of is simply insufficient to support a claim that plaintiff was subjected to an abusive work environment because of her sex.

All of plaintiff's claims are either barred by res judicata or suffer from a failure of proof. Defendant is entitled to summary judgment on all claims.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to strike (ECF No. 36) is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 22) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 whelan2305.57